William M. Demlong (I.D. No. 012458)
Daniel Maldonado (I.D. 018483)
**KUNZ PLITT**
**HYLAND & DEMLONG**
3838 N. Central Avenue
Suite 1500
Phoenix, Arizona 85012-1902
(602) 331-4600
wmd@kunzlegal.com
dm@kunzlegal.com

Attorneys for Plaintiff Sun Life Assurance
Company of Canada

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Sun Life Assurance Company Of Canada, | No. |
| Plaintiff, | **COMPLAINT IN INTERPLEADER** |
| v. | |
| Maria Guadalupe Chavez; M.G.H., a minor, by and through her legal guardian, Aurora Herrera; M.L., a minor, by and through her legal guardian, Maria Juarez, | |
| Defendants. | |

Sun Life Assurance Company of Canada ("SLOC") files this Interpleader Complaint and avers as follows:

**JURISDICTION**

1. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e), as the plan under which Defendants' claims for life insurance benefits arose is an employee welfare benefit plan that is governed by the

Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq*.

## VENUE

2.     Venue is appropriate in this district pursuant to 28 U.S.C. § 1391 because one or more of the defendants resides in this district and because a substantial part of the events giving rise to this claim occurred within this district.

## PARTIES

3.     SLOC is a Canadian Stock life insurance company with a U.S. branch entered through Michigan. The Main Administrative Office for the U.S. Branch of Sun Life is in Wellesley Hills, MA with an address of One Sun Life Executive Park, Wellesley Hills, MA 02481 (Norfolk County).

4.     Maria Guadalupe Chavez is domiciled and resides in Hewitt, Texas (McLennan County).

5.     M.G.H. is a minor, and upon information and belief, Aurora Herrera is her legal guardian. Ms. Herrera is domiciled and resides in Phoenix, Arizona (Maricopa County).

6.     M.L. is a minor, and upon information and belief, Maria Juarez is her legal guardian. Ms. Juarez is domiciled and resides in Phoenix, Arizona (Maricopa County).

## FACTUAL ALLEGATIONS

7.     As an employee of Suntec Concrete, Roberto Lopez was entitled to participate in Suntec's group life plan, and SLOC issued the group life policy that funds

benefits under the plan.  See SLOC's January 3, 2012 correspondence to Defendants, a true and correct copy of which is attached as **Exhibit A**.

8. As a result of Mr. Lopez' death, $20,000.00 in basic life benefits and $20,000.00 in accidental death benefits became due and payable under the Policy.

9. Mr. Lopez never selected a beneficiary.  See Exhibit A.

10. When no beneficiary has been identified by the insured, the Policy pays benefits due to his heirs, beginning with the decedent's children, and if none then to his parents, followed by his siblings.  See Exhibit A.

11. SLOC was initially informed that Mr. Lopez had no children.

12. Mr. Lopez' mother, Maria Guadalupe Chavez submitted a claim for all benefits due under the policy.

13. Aurora Herrera, acting on behalf of M.G.H. and Maria Juarez, acting on behalf of M.L. have each claimed entitlement to the SLOC benefit.  See Exhibit A.

14. SLOC has therefore been presented with competing claims to the proceeds due under the Policy in the amount of $40,000.00.

## COUNT I

## INTERPLEADER ACTION PURSUANT TO F.R.C.P. 22

15. SLOC incorporates the preceding paragraphs of this Complaint in Interpleader as if the same were set forth herein at length.

16. Rule 22 of the Federal Rules of Civil Procedure permits an action for interpleader if the Plaintiff is exposed to double or multiple liability as a result of competing claims.

17. The claims of Maria Guadalupe Chavez, M.G.H. and M.L. compete with one another.

18. As a result of the foregoing, there are conflicting claims for the Policy proceeds.

19. SLOC is unable to determine the proper beneficiary under the Policy without the risk of multiple liability due to the defendants' competing claims.

20. SLOC is an innocent entity and has in no way colluded with any of the claimants.

21. SLOC claims no interest in the benefits due, excepting only reasonable fees and costs requested below.

22. As a result of the continuing and conflicting claims, this Interpleader is necessary to ensure that the life insurance proceeds are paid to the proper person(s).

**WHEREFORE**, Sun Life Assurance Company of Canada respectfully requests that this Court enter an Order:

> (a) directing Sun Life Assurance Company of Canada to deposit the life insurance proceeds due under the Policy in the amount of $40,000.00 together with any applicable interest into the registry of this Court, until the issue of entitlement to the life insurance proceeds is adjudicated;

(b) discharging Sun Life Assurance Company of Canada from any and all liability related to the life insurance proceeds due under the Policy, except to those persons to whom this Court shall adjudge entitled to the benefit;

(c) enjoining any parties, named or unnamed, from initiating any action against Sun Life Assurance Company of Canada regarding the life insurance proceeds due under the Policy;

(d) awarding to Sun Life Assurance Company of Canada its reasonable fees and costs in connection with this action; and

(e) any other relief that this Court deems equitable and just.

DATED this 17th day of September, 2014.

**KUNZ PLITT**
**HYLAND & DEMLONG**
A Professional Corporation


By   s/Daniel Maldonado
    William M. Demlong
    Daniel Maldonado
    3838 N. Central Avenue
    Suite 1500
    Phoenix, Arizona 85012-1902
    Attorneys for Plaintiff Sun Life Assurance
       Company of Canada